IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CLOUD 9 COMICS LLC,** an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**CLOUD 9 COMICS AND MORE LLC**, a Missouri limited liability company; **and PAUL GUBANY**, an individual,<br><br>Defendants. | Case No. 3:21-cv-173-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on October 6, 2021. ECF 19. Judge You recommended that the Court grant Defendants' motion to dismiss (ECF 13) as to Plaintiff's claim for unfair trade practices under the Oregon UTPA and deny it as to Plaintiff's common law trademark infringement claim and false designation of original claim under 43(a) of the Lanham Act.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations,

PAGE 1 – ORDER

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendants timely filed objections (ECF 23), to which Plaintiff timely responded. ECF 24. Defendants object to Part IV.A (applicability of Federal Rule of Civil Procedure 9(b) to Plaintiff's trademark infringement and false designation of origin claims) and Part IV.B.1 (allegation of ownership as part of the Rule 12(b)(6) analysis) of Judge You's Findings and Recommendations. As to the remaining portions regarding the Oregon UTPA claim and the likelihood of confusion issue, because no party made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge You's Findings and Recommendation for clear error on the face of the record. No such error is apparent. Accordingly, the Court adopts those portions of Judge You's Findings and Recommendations and proceeds now to address the disputed portions.

PAGE 2 – ORDER

Regarding the applicability of Rule 9(b), Defendants assert that Plaintiff's First Amended Complaint, which accuses Defendants of "misrepresenting and falsely describing" their goods, and of "passing off" their goods as those of Plaintiff, is "grounded in fraud." Defendants further contend that should the Court disagree, it should apply the heightened pleading standard to the allegations that allege fraudulent conduct and make clear that those allegations are not part of the case.

The Court does not find the Findings and Recommendation to be "internally contradictory," as Defendants allege, and agrees with Judge You that Plaintiff's claims under the Lanham Act and for common law trademark infringement are not grounded in fraud and need not meet the heightened standard under Rule 9(b). Where Plaintiff's Amended Complaint includes phrases related to fraud, such as "misrepresenting and falsely describing" and "willfully intend[ing]," those phrases serve to state a claim for relief for common law trademark infringement and under Section 43(a) of the Lanham Act. *See* ECF 11, 13. Judge You correctly applied the legal standard in the Ninth Circuit that a complaint's mere recitation of statutory elements under the Lanham Act, such as that in this case, does not transform allegations of unauthorized use of a plaintiff's mark and a likelihood of customer confusion, into a fraud claim. The heightened standard under Rule 9(b) does not apply in this case.

As to the ownership issue, Defendants contend that Plaintiff failed to allege ownership of the "Cloud 9 Comics" mark by failing to show that it was the senior user of the mark. Defendants argue that Judge You erred in concluding that Plaintiff need not allege seniority, that Plaintiff's alleged seniority in Oregon is pure speculation, and that Judge You improperly credited vague and conclusory allegations. In response, Plaintiff asserts that it has adequately alleged ownership of the "Cloud 9 Comics" mark, as well as ownership of trademark seniority.

In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party—in this case, Plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Here, neither party has a trademark registration. Plaintiff's Amended Complaint has asserted that it was the first to use "Cloud 9 Comics" in Oregon and at comics conventions across the country, citing relevant facts over the years. *See* ECF 11, 3-4. The Court disagrees with Defendants' argument that Plaintiff's alleged seniority in Oregon is pure speculation or that Plaintiff's allegations are conclusory, and agrees with Judge You's Finding and Recommendation that Plaintiff alleges both a protectable ownership interest in the "Cloud 9" mark and provides specific examples of its use in commerce.

The Findings and Recommendation cited and considered the legal standard on seniority under *Sengoku Works, Ltd. v. RTC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) ("the party claiming ownership must have been the first to actually use the mark in the sale of goods or services"). ECF 19 at 10. Although recognizing "priority of use" as the fundamental rule of trademark ownership, Judge You determined that the ultimate question of ownership of the "Cloud 9" mark is both "fact- and proof-intensive" and "not always suitable at the motion to dismiss stage." The Court concurs with Judge You that Plaintiff has satisfied its obligation at this stage of litigation to "plausibly allege" sufficient facts to state "a protectable ownership interest in the mark" under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012).

The Court has considered the issues *de novo* and agrees with the reasoning of Judge You. Accordingly, the Court **ADOPTS** Judge You's Findings and Recommendations. ECF 19. The

Court **GRANTS** Defendants' motion to dismiss (ECF 13) as to Plaintiff's claim for unfair trade practices under the Oregon UTPA and **DENIES** it as to Plaintiff's common law trademark infringement claim and false designation of original claim under 43(a) of the Lanham Act.

**IT IS SO ORDERED.**

DATED this 24th day of November, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge